18-1826-cv
Johnson v. Central Intelligence Agency

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of June, two thousand nineteen.

PRESENT: DENNIS JACOBS,
　　　　　　RAYMOND J. LOHIER, JR.,
　　　　　　MICHAEL H. PARK,
　　　　　　　　*Circuit Judges.*

------------------------------------------------------------------

ADAM JOHNSON,

　　　　*Plaintiff-Appellant,*

　　v.　　　　　　　　　　　　　　　　　　No. 18-1826-cv

CENTRAL INTELLIGENCE AGENCY,

　　　　*Defendant-Appellee.*

------------------------------------------------------------------

FOR APPELLANT:　　　　　　　　DANIEL R. NOVACK, Law
　　　　　　　　　　　　　　　　　　Office of Daniel R. Novack,
　　　　　　　　　　　　　　　　　　Madison, NJ.

FOR APPELLEE: ANTHONY J. SUN (Benjamin H. Torrance, *on the brief*), Assistant United States Attorneys, *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, NY.

FOR AMICI CURIAE: KELLY B. MCCLANAHAN, National Security Counselors, Rockville, MD.

Appeal from a judgment of the United States District Court for the Southern District of New York (Colleen McMahon, *Chief Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Adam Johnson appeals from a judgment of the District Court (McMahon, C.J.), dismissing his claim against the Central Intelligence Agency (CIA) under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, for the production of five emails the CIA sent to reporters at the Wall Street Journal, the Washington Post, and the New York Times. On appeal, Johnson argues that the CIA waived FOIA Exemptions 1 and 3, 5 U.S.C. § 552(b)(1) & (3), by officially disclosing the information at issue to the reporters. We assume the parties' familiarity with

2

the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision to affirm.

In Wilson v. CIA, 586 F.3d 171 (2d Cir. 2009), we explained that "[a] strict test applies to claims of official disclosure.   Classified information that a party seeks to obtain or publish is deemed to have been officially disclosed only if it (1) [is] as specific as the information previously released, (2) match[es] the information previously disclosed, and (3) was made public through an official and documented disclosure."   586 F.3d at 186 (quotation marks omitted).   We also explained that the "twin factors" in determining whether information is "public" as relevant here are whether it is a "matter[] of public record" and whether it could be "easily discoverable by any interested member of the public."   Id. at 188 (quotation marks omitted).   Here, the information Johnson seeks is contained in private correspondence sent directly to three reporters, see id., and these emails are not generally accessible by the public.   In these circumstances and without more, we agree with the District Court that Johnson has not produced sufficient evidence that the information he seeks was "made public" by the CIA.   See id.; Hudson River Sloop Clearwater, Inc. v. Dep't of

3

*Navy*, 891 F.2d 414, 421–22 (2d Cir. 1989); cf. *Phillippi v. CIA*, 655 F.2d 1325, 1331–33 (D.C. Cir. 1981). Johnson therefore is not entitled to the information he seeks.[1]

We have considered Johnson's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] Johnson does not argue that Exemptions 1 and 3 are otherwise inapplicable.